UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHAKERRA J. STARKS,

                    Petitioner,                    Case No. 2:25-cv-11494

v.                                        Honorable Susan K. DeClercq
                                              United States District Judge

JEREMY HOWARD,

                    Respondent.

_____/

**OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS (ECF No. 3), DISMISSING PETITION WITHOUT PREJUDICE (ECF No. 1), DENYING AS MOOT PETITIONER'S MOTION TO APPOINT COUNSEL (ECF No. 4), AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Schakerra J. Starks, ("Petitioner"), confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a habeas corpus petition under 28 U.S.C. § 2254. ECF No. 1. She also filed a motion to appoint counsel, ECF No. 4, and a motion to stay proceedings and hold her petition in abeyance to permit her to initiate post-conviction proceedings in the state courts, so that she may exhaust claims which have yet to be presented to the state court, ECF No. 3. As explained below, Starks's motions will be denied, and the case will be dismissed without prejudice.

## I. BACKGROUND

On February 7, 2023, Starks pleaded no contest to one count of delivery/manufacturing of 50-449 grams of controlled substances, one count of possession of less than 25 grams of a controlled substance, and two counts of possessing a firearm during the commission of a felony in Macomb County Circuit Court.

Starks filed an application for leave to appeal in the Michigan Court of Appeals, which was denied for lack of merit. *People v. Starks*, No. 371801 (Mich. Ct. App. Sept. 18, 2024); ECF No. 1 at PageID.158. The Michigan Supreme Court also denied Starks' application for leave to appeal. *People v. Starks*, No. 167783-4, 16 N.W.3d 729 (Mich. Feb. 28, 2025); ECF No. 1 at PageID.156.

Starks signed and dated her habeas petition on May 14, 2025, so it is considered filed on that date. ECF No. 1 at PageID.122. Starks' petition raises four claims for relief. She states that these claims were presented for the first time in her application for leave to appeal to the Michigan Supreme Court. *Id.* at PageID.17, 18, 32, 47. But, recognizing that raising claims for the first time to a state's highest court on discretionary review is insufficient to exhaust a claim, Starks also filed a motion to stay her case and hold the petition in abeyance while she returns to state court to exhaust her claims. ECF No. 3; *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).

## II. LEGAL STANDARD

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

The United States Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

## III. ANALYSIS

Here, all four issues raised in Starks's petition are unexhausted, because they were never properly presented to the Michigan Court of Appeals. *See generally* ECF No. 1. And although the Sixth Circuit Court of Appeals has approved court decisions applying the stay-and-abey procedure to petitions like Starks's where *all* claims are unexhausted, *see Hickey v. Hoffner*, 701 F. App'x 422, 426 n.5 (6th Cir. 2017), use of the stay-and-abey procedure is not warranted in this case.

That is because there are no exceptional or unusual circumstances here that would justify holding the case in abeyance pending Petitioner's return to the state courts to exhaust her claims. Indeed, the one-year limitations period did not begin to run until 90 days after the Michigan Supreme Court denied Starks leave to appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (noting that a conviction becomes final when "the time for filing a certiorari petition expires."). Thus, the time for Starks to file a certiorari petition expired on May 29, 2025. And Starks's petition is dated May 14, 2025. *See* ECF No. 1.

This means that the limitations period for Starks had not even *begun* to run when she filed her petition in federal court. Indeed, Petitioner has until May 2026 to timely file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(2) expressly provides that AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner. And because Petitioner has

- 4 -

more than ten months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if her case was dismissed without prejudice during the pendency of her motion for post-conviction relief. Thus, a stay of the proceedings is not necessary to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001).

Accordingly, this Court will deny Petitioner's motion for stay and to hold the case in abeyance, and dismiss the action without prejudice. The dismissal is without prejudice so that Petitioner may later return to federal court should she wish to do so. This outcome will also render Starks's motion to appoint counsel moot.

Finally, Federal Rule of Appellate Procedure 22 provides that an appeal in a habeas corpus proceeding may not occur unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, reasonable jurists would not debate

the conclusion that Petitioner's motion to hold habeas petition in abeyance should be dismissed without prejudice. Therefore, the Court denies a COA.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance, ECF No. 3, is **DENIED**.

Further, it is **ORDERED** that Starks's Petition, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is ordered that Starks's Motion to Appoint Counsel, ECF No. 4, is **DENIED AS MOOT**.

Further, a certificate of appealability is **DENIED**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 25, 2025